**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JOHN A. GATES,**

    **Plaintiff,**

v.                                                       Civil Action
                                                         Case No.: 3:07-CV-899-J-32MCR

**U.S. AIRWAYS GROUP, INC.;**
**U.S. AIRWAYS, INC.; DONOVAN**
**SAADIQ a/k/a DONOVAN X a/k/a**
**DONOVAN P. MALOID a/k/a**
**DONOVAN X. MALOID a/k/a**
**DONOVAN P. XX; and JOHN DOES,**

    **Defendants.**

_____

**PLAINTIFF'S MOTION TO REMAND AND**
**INCORPORATED MEMORANDUM IN SUPPORT**

COMES NOW, the plaintiff, John A. Gates ("Gates"), by and through his undersigned counsel, and for his Motion to Remand the above-captioned action pursuant to 28 U.S.C. § 1447(c), and Memorandum of Law in Support thereof, states as follows:

MOTION TO REMAND

1.    On or about August 16, 2007, Gates, a resident and citizen of Duval County, Florida, filed his Complaint, Case No.: 2007-CA-007083, in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, against the Defendants, U.S. Airways Group, Inc. and U.S. Airways, Inc. (hereinafter collectively "U.S. Airways"), Donovan Saadiq a/k/a Donovan X a/k/a Donovan P. Maloid a/k/a Donovan X. Maloid a/k/a Donovan P. XX ("Donovan X"), those certain John Does consisting of other U.S.

Airways' Desk Agents and employees ("John Does"), as well as the captain of U.S. Airways Flight 1618 ("Captain John Doe") (U.S. Airways, Donovan X, John Does, and Captain John Doe shall sometimes be collectively referred to herein as the "Defendants").

2. On or about September 20, 2007, Defendants filed a Notice of Removal to the United States District Court, Middle District of Florida, asserting that this Court has original jurisdiction over the subject matter of Gates' causes of action pursuant to 28 U.S.C. § 1331.

3. In support thereof, Defendants aver that Gates' state-law claims are "completely pre-empted" by the Airline Deregulation Act, 49 U.S.C. § 41713 (the "ADA"), as U.S. Airways is an "air carrier" pursuant to 49 USCS § 40102(a)(2) and the claims of Gates are related to "services" provided by the Defendants.

4. Defendants further aver that the ADA's preemption of Gates' state law claims provide the federal question in this matter.

5. Defendants' basis for removal is procedurally incorrect and inadequate to invoke the jurisdiction of this Court, as all counts within Gates' Complaint allege state law causes of action and federal law does not provide for removal based on preemption under the ADA; federal law requires that preemption under the ADA be pled as an affirmative defense.

6. Moreover, the ADA does not provide any private right of action for the alleged wrongful acts of the Defendants, leaving Gates without remedy in federal court.

7.     Pursuant to Local Rule 3.01(g), the undersigned counsel for Gates has conferred with opposing counsel and has been unable to resolve this current matter before the Court.

## MEMORANDUM OF LAW

### A. Statement of Facts

Defendants filed their Notice of Removal asserting that this Court has original jurisdiction over the subject matter of Gates' causes of action pursuant to 28 U.S.C. § 1331. In support thereof, Defendants allege that the claims asserted by Gates are pre-empted by the Airline Deregulation Act, 49 U.S.C. § 41713 (the "ADA"), as U.S. Airways is an "air carrier" pursuant to 49 USCS § 40102(a)(2) and that Gates' state law claims are related to "services" provided by the Defendants. Defendants assert that the preemption of Gates' state law claims by the ADA provide the Court's federal question jurisdiction in this matter.

The claims and allegations before this Court stem from the Defendants' refusal to allow Gates to travel on U.S. Airways Flight 1618 on June 6, 2007, despite U.S. Airways allowing him to board and travel unaccompanied on previous occasions. Gates' Complaint sounds in eight counts seeking redress for U.S. Airways' breach of contract, negligent misrepresentation, intentional misrepresentation, and negligent hiring, training, and/or supervision; and Defendants' violation of the Florida Deceptive and Unfair Trade Practices Act, violation of Article 1, § 2 of the Florida Constitution, negligent infliction

of emotional distress, and defamation, all of which arise from Florida statutory or common law.

### B. Standard of Review

Federal courts are courts of limited jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994). Moreover, statutes conferring removal jurisdiction should be strictly construed. <u>Bivens v. Equitable Life Assur. Soc'y of the United States</u>, 2000 U.S. Dist. LEXIS 4059, *3 (M.D.Fla. 2000) *citing* <u>Owen Equipment and Erection Co. v. Kroger</u>, 437 U.S. 365 (1978). Any doubt concerning whether an action is removable, or concerning the jurisdiction of the federal court of removal, should be resolved against removal. <u>Whitt v. Sherman Int'l Corp.</u>, 147 F.3d 1325, 1329 (11th Cir. 1998).

Furthermore, the removing party has the burden of proving that the federal court has jurisdiction over the matter when the Plaintiff has objected to removal. <u>Fowler v. Safeco Ins. Co. of America</u>, 915 F.2d 616, 617 (11th Cir. 1990); <u>Pacheco de Perez v. At&T Co.</u>, 139 F.3d 1368, 1373 (11th Cir. 1998); and <u>Seminole County v. Pinter Enterprises, Inc.</u>, 184 F.Supp 2d 1203 (M.D. Fla. 2000). In weighing a notice of removal, the federal court should be cognizant that, among other factors, the exercise of removal is in derogation of state sovereignty. <u>Bivens</u>, 2000 U.S. Dist. LEXIS at *4.

**C. Discussion**

I. <u>Removal based on federal question jurisdiction is governed by the "Well-Pleaded Complaint" rule.</u>

Removal based on a federal question is governed by the well-pleaded complaint rule, which provides that "[u]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question." <u>Ervast v. Flexible Products Co.</u>, 346 F.3d 1007, 1012 (11th Cir. 2003). In determining whether a federal court has original jurisdiction so as to justify removal of the case, the well-pleaded complaint rule requires a federal court to read the plaintiff's complaint as the plaintiff presents the claim to the court, without anticipating either potential federal defenses or federal law preempting plaintiff's state claim. <u>Telecredit Service Center v. First Nat. Bank of The Florida Keys</u>, 679 F.Supp. 1101, 1105 (S.D. Fla. 1988) *citing* <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1 (1983). Where the plaintiff's claim is a wholly contained state cause of action, but supported by underlying federal statutory or Constitutional law, the well-pleaded complaint rule precludes federal jurisdiction. <u>Id</u>. As so eloquently put by the U.S. Supreme Court, "[t]he plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).

There are two narrow exceptions to the well-pleaded complaint rule: (i) the state law claims raise substantial questions of federal law; or (ii) federal law completely preempts the state law claims. <u>Franchise Tax Bd.</u>, 463 U.S. at 13. Defendants' Notice of Removal asserts "complete preemption" as the basis for this Court's jurisdiction.

5

Defendants' Notice of Removal, ¶ 7. This assertion is legally deficient and without merit.

    a.    ***Gates' state law claims do not give rise to federal jurisdiction based on the doctrine of "complete preemption."***

Under the doctrine of complete preemption, "Congress may preempt an area of law so completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction." Signer v. DHL Worldwide Express, Inc., 2007 U.S. Dist. LEXIS 37120, *6-7 (S.D. Fla. 2007) *citing* Kemp v. IBM, 109 F.3d 708, 712 (11th Cir. 1997). "Such 'complete preemption' will convert state law claims into federal claims for the purposes of the well-pleaded complaint rule, allowing a defendant to remove the case to federal court." Id.

Complete preemption, however, is "a narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law claims." Id. Complete preemption is extremely rare; the U.S. Supreme Court has cautioned that complete preemption can be found only in statutes with "extraordinary" preemptive force. Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987); Metropolitan Life Ins. v. Taylor, 481 U.S. 58, 65 (1987). To date, the U.S. Supreme Court has found complete preemption applicable to only three sections of federal law: (i) Section 1132 of the Employment Retirement Income Security Act ("ERISA"); (ii) Section 301 of the Labor Management Relations Act ("LMRA"); and Sections 85 and 86 of the National Bank Act ("NBA"). *See generally*, Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 7-11, (2003). The U.S. Supreme Court explained that complete preemption applied to

6

those statutes because all three "provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." Id. at 2062 – 2064.  The ADA provides no such "procedures and remedies."

Moreover, every federal court to address the issue of complete preemption with respect to the ADA has concluded that the ADA does not provide for "complete preemption" it provides for "ordinary preemption."  *See* Wayne v. DHL Worldwide Express, 294 F. 3d 1179, 1184 (9th Cir. 2002) citing Sam L. Majors Jewelers v. ABX, Inc., 117 F3d 922 (5th Cir. 1997), and Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244 (6th Cir. 1996); Fournier v. Lufthansa German Airlines, 191 F. Supp. 2d 996, 1003 (N.D. Ill. 2002); Donkor v. British Airways Corp., 62 F. Supp. 2d 963, 971 (E.D.N.Y. 1999); *see also* Travelers Indem. Co. v. Schneider Specialized Carriers, Inc., 2005 U.S. Dist. Lexis 2029, *8.

> Examining the text of the ADA and its legislative history, we see no evidence that Congress intended the federal courts to have exclusive subject matter jurisdiction over the preemption defenses to state law claims against air carriers. Quite to the contrary: if the Supreme Court was correct to state that the ADA, unlike ERISA, did not intend to 'channel actions into federal court,' *American Airlines v. Wolens, 513 U.S. 219, 230, 130 L. Ed. 2d 715, 115 S. Ct. 817 (1995)*, then only a state court, or a federal court sitting in diversity, is an appropriate forum for resolution of the . . . claims.

Wayne 294 F.3d at 1184 (quoting Majors Jewelers 117 F3d at 925-26, and Musson Theatrical 89 F.3d at 1253).

In Geddes v. American Airlines, Inc. 321 F.3d 1352 (11th Cir. 2003), the Eleventh Circuit provided a lengthy analysis of the preemptive power afforded federal courts, and clarified the distinction between "complete preemption" and "ordinary

preemption," in short, stating that "federal preemptive power may be complete, providing a basis for jurisdiction in the federal courts, or it may be what has been called 'ordinary preemption,' providing a substantive defense to a state law action on the basis of federal law." Id. at 1352-53.

As the Eleventh Circuit further explained, "ordinary preemption" may be asserted as an affirmative defense in either state or federal court. Id.; *see also* Id. at 1357 (agreeing with the Third Circuit that "[s]tate courts are competent to determine whether state law has been preempted by federal law and they must be permitted to perform that function in cases brought before them, absent a Congressional intent to the contrary."). Accordingly, "ordinary preemption" can never form a basis for removal jurisdiction. Id. at 1352-1353; see also Caterpillar, 482 U.S. at 393 (holding that a case may not be removed to federal court on the basis of a federal defense, including that of federal preemption).

### b. *Defendants' removal to federal court was procedurally inaccurate.*

Assuming *arguendo*, that Gates' state law claims are preempted by the ADA, the case law is clear that the preemption is "ordinary preemption" not "complete preemption." *See* Geddes 321 F.3d 1352; Wayne 294 F.3d 1179; Majors Jewelers 117 F.3d at 922; Musson Theatrical 89 F.3d 1244; Donkor, 62 F. Supp. 2d 963; *see* Travelers Indem. Co., 2005 U.S. Dist. Lexis 2029. As previously stated, "ordinary preemption" is to be asserted as an affirmative defense to each individual state law cause of action; it can never form the basis for removal. Geddes, 321 F.3d at 1352-53. In the present case, Defendants have done this very thing, they have lumped all of Gates causes of action

together and filed their Notice of Removal stating that the ADA "completely pre-empts plaintiff's state law claims." Notice of Removal, ¶ 7. This assertion is blatantly false and contrary to all case law. The correct procedure is to plead federal preemption as an affirmative defense to each state law cause of action and allow the state court to determine which causes of action are preempted by the ADA and which causes of action are not preempted by the ADA. *See* Geddes, 321 F.3d at 1352-53.

This position is further supported by the U.S. Supreme Court holding in American Airlines, Inc. v. Wolens, 513 U.S. 219, 115 (1995), on remand to, 646 N.E.2d 1218 (Ill. 1995), where the Supreme Court held that the ADA does not preempt actions against an airline based on state contract law. Further noting that the ADA was not meant to channel into federal courts the business of resolving, pursuant to judicially fashioned federal common law, the range of contract claims relating to airline rates, routes, or services. Id. at 232.

This necessarily presents the question: How can the ADA "completely preempt" all of Gates' state law causes of action when the Supreme Court has expressly held that Gates' breach of contract claim is not subject to preemption under the ADA? The answer is clear: Defendants have attempted to remove this case based on "complete preemption" but have applied the reasoning and law reserved to "ordinary preemption"; a doctrine that does not provide a basis for original jurisdiction in federal court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, John A. Gates, respectfully requests this Court enter an Order: (i) denying, as facially deficient, Defendants' Notice of Removal; or in the alternative (ii) granting Gates' Motion to

Remand and remanding this case to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida; and (iii) awarding Gates his just costs and actual expenses, including attorneys' fees incurred as a result of this improper removal; and (iv) granting such other and further relief as this Court deems just and proper.

JOHN A. GATES,

s/ Aaron C. Bates_____
By: Counsel

Counsel:
Aaron C. Bates, Esq.
Goldberg Bates, PLLC
Florida Bar No. 011749
3660 Maguire Boulevard; Suite 102
Orlando, FL  32803
Telephone: (407) 893-3776
Facsimile: (407) 893- 3779
abates@goldbergbates.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 19th, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List.

s/ Aaron C. Bates_____
Aaron C. Bates

**SERVICE LIST**

Edward C. Bresee, Jr., Esquire
Mozley, Finlayson & Loggins LLP
Premier Plaza One, Suite 900
5605 Glenridge Drive
Atlanta, GA 30342
Phone: (404) 256-0700
Fax: (404) 250-9355
Email: mbresee@mfllaw.com

Trial Counsel for Defendants

Robert A. Cole, Esquire
201 N. Hogan Street, Suite 200
Jacksonville, FL 32202
Phone: (904) 353-9664
Fax: (904) 353-1055
Email: rcole@colestone.com

Local Counsel for Defendants

GOLDBERG BATES, PLLC
3660 Maguire Boulevard, Suite 102, Orlando, FL 32803, Office: (407) 893-3776, Fax: (407) 893-3779